33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Prentis M. JACKSON, Plaintiff-Appellant,
v.
Keith STILLABOWER, Defendant-Appellee.
 No. 94-1304.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1994.
 
 1
 Before: RYAN and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Prentis M. Jackson, pro se, appeals a district court order granting the defendant's motion to dismiss this civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Jackson alleged that the defendant, a corrections officer at the Chippewa Regional Correctional Facility in Kincheloe, Michigan, endangered Jackson's life by restraining Jackson while Jackson was being attacked by a fellow prisoner. The defendant and other correctional officers were aware of the possibility that the other inmate was planning to attack Jackson while in the prison, and had previously determined that it would be best to place Jackson in temporary segregation for his own safety. Unfortunately, the anticipated attack occurred much sooner than the guards expected, immediately after the officers made the decision to segregate Jackson, but before the transfer actually took place.
 
 
 4
 After the attack began, defendant Stillabower responded to the disturbance, attempted to stop the fighting, and retrieved a make-shift weapon from the attacker's hand. Stillabower did not wait for backup officers to arrive at the scene, because of the brutality with which the other prisoner was attacking prisoner Jackson. Stillabower stepped between the two inmates, receiving several blows from both prisoners. Jackson's account of the events differs somewhat from Stillabower's in that Jackson alleged Stillabower restrained him before retrieving the weapon from the attacking prisoner, thereby providing the opportunity for the attacker to strike Jackson in the head two more times before the attacker was disarmed.
 
 
 5
 This court's review of a grant of summary judgment is de novo. Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993).
 
 
 6
 The legal standard applicable to determining whether a violation of the Eighth Amendment occurred in the context of an assault upon an inmate is whether the defendant's conduct amounted to "deliberate indifference" to a risk of injury to the plaintiff. Nelson v. Overberg, 999 F.2d 162, 165 (6th Cir.1993) (quoting Whitley v. Albers, 475 U.S. 312, 318 (1986)). While an express intent to inflict unnecessary pain is not required to establish "deliberate indifference," it is obduracy and wantonness, and not inadvertence or error in good faith that characterizes the conduct prohibited by the Cruel and Unusual Punishment Clause. Knight v. Gill, 999 F.2d 1020, 1022 (6th Cir.1993). Thus, Jackson must establish something more than a lack of ordinary due care, inadvertence or error to support his action under Sec. 1983. Nelson, 999 F.2d at 165. This standard "strikes a balance" between the deference to be accorded to prison officials in their administration of the prison and the constitutional right of prisoners to be free from cruel and unusual punishment. Id.
 
 
 7
 Jackson argues that he has shown a "genuine issue of material fact" by alleging that Stillabower restrained him before retrieving the attacker's weapon. However, this is not an issue preventing summary judgment in this case, because, even assuming the truth of Jackson's allegation, Jackson could only establish that Stillabower's split-second decision was negligent. This showing is not sufficient to establish an Eighth Amendment violation of Jackson's right to be free from cruel and unusual punishment. Gibson v. Foltz, 963 F.2d 851, 853-54 (6th Cir.1992). Stillabower met his burden of showing an absence of evidence to support Jackson's complaint and Jackson cannot merely rest on his pleadings to get to the jury without submitting additional evidence to support his claim. Fed.R.Civ.P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).
 
 
 8
 Accordingly, the district court's order granting the defendant's motion for summary judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation